UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00096-RJC-DSC

| | |
|---|---|
| TATYANA SOUTHERN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| AMAIN.COM, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's pro se Complaint. [Doc. 1]. Plaintiff paid the filing fee in this matter. [4/12/2022 Docket Entry; see Doc. 3].

## I. BACKGROUND

Pro se Plaintiff Tatyana Southern ("Plaintiff") filed this action on March 9, 2022 pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981, et seq., against Defendant AMain.com, Inc. ("Defendant"). [Doc. 1]. Plaintiff alleges as follows. She is African American and was employed by Defendant through a temporary placement agency from May 2020 through October 2020 and as a full-time employee from October 2020 through March 10, 2021. [Id. at ¶¶ 9-10, 12]. At all relevant times, Plaintiff was employed as a Warehouse Associate. [Id. at ¶ 11]. Plaintiff reported to a Warehouse Manager, "Jr. LNU," who was Hispanic, and an Executive, Brandon LNU, who was Caucasian. [Id. at ¶¶ 16-19]. While employed at Defendant, Plaintiff experienced that African American employees were treated differently than Hispanic, non-African American employees. Plaintiff was "verbally chastised throughout her employment" when she was "1-2 minutes late to work" and for taking days off work, while her Hispanic, non-African American co-

workers were not. [Id. at ¶¶ 20-25]. In December 2020, Plaintiff did not receive holiday pay for working Christmas or New Years, while "Hispanic, non-African American employees were paid for the same holidays." [Id. at ¶ 27]. In January or February 2021, Plaintiff complained of race discrimination to Human Resources and Management, but no remedial action was taken, and the disparate treatment continued. [Id. at ¶¶ 28-30].

On or about March 3, 2021, Plaintiff discovered that Defendant had created and submitted false information to the IRS, claiming that Plaintiff had $5,000.00 in allowances for dependents when Plaintiff has no dependents. [Id. at ¶¶ 31-34]. Defendant forged Plaintiff's signature on the withholding documents. [Id. at ¶¶ 35-36]. Plaintiff complained to Brandon LNU regarding the suspected tax fraud and the signature forging. He told Plaintiff that she was "causing a disruption." On March 10, 2021, Plaintiff was terminated. [Id. at ¶¶ 40-41]. Jr. LNU told Plaintiff there was no reason for her termination and that North Carolina is an at-will employment state. [Id. at ¶ 42]. Throughout her employment, Plaintiff was a "top tier performer" and was never disciplined or given a poor performance review. [Id. at ¶¶ 14-15].

For relief, Plaintiff seeks front and back pay, compensatory damages, punitive damages, and costs of this action. [Id. at 6].

## II. STANDARD OF REVIEW

"Notwithstanding any filing fee … that may have been paid," the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff asserts claims for hostile work environment and retaliation under 42 U.S.C. § 1981. She also asks the Court to exercise supplemental jurisdiction over a claim for wrongful discharge in violation of North Carolina public policy as provided in N.C.G.S. §§ 105-130, et seq.

### A. Hostile Work Environment

To state a claim under 42 U.S.C. § 1981 for hostile work environment, a plaintiff must allege harassment that was (1) unwelcome; (2) based on race; (3) sufficiently severe or pervasive to alter the conditions of employment and create and abusive atmosphere; and (4) imputable to defendant as plaintiff's employer. E.E.O.C. v. Xerxes Corp., 639 F.3d 658, 668 (4th Cir. 2011); Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-84 (4th Cir. 2001) (explaining the elements for a claim of hostile work environment are the same under § 1981 as they are under Title VII).

For the misconduct to be severe or pervasive, the work environment "must be both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Faragher v. City of Boca Raton, 524 U.S.

775, 787, 118 S.Ct. 2275 (1998). Whether a work environment is objectively hostile depends on the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., Inc., 510 U.S. 17, 23, 114 S.Ct. 367 (1993). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher, 524 U.S. at 788, 118 S.Ct. 2275 (citation and internal quotation marks omitted). "[I]ncidents that would objectively give rise to bruised or wounded feelings will not on that account satisfy the severe or pervasive standard." Evans v. Int'l Paper Co., 936 F.3d 183, 192 (4th Cir. 2019) (internal citation omitted). "Thus, rude treatment from coworkers, callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor are not actionable." Id. Moreover, "[t]he existence of a hostile work environment cannot be predicated upon acts that are isolated or genuinely trivial." Carter v. Ball, 33 F.3d 450, 461 (4th Cir. 1994).

Here, giving Plaintiff the benefit of every reasonable inference, she nonetheless fails to plausibly allege an objectively hostile work environment. Plaintiff vaguely alleges being "verbally chastised" for being late and for taking days off work "throughout" her nine months' employment with Defendant. Plaintiff does not allege how frequently she was late or how many days she took off work. Moreover, Plaintiff does not allege who verbally chastised her, what this alleged chastisement consisted of, or that these comments unreasonably interfered with her job performance. In fact, Plaintiff alleges that she was a "top tier performer" and was never disciplined or given a poor performance review. In sum, the events alleged by Plaintiff do not allow for a plausible inference that the racial harassment by Defendant's employees was objectively severe or

4

pervasive or that any such employee(s)' behavior is imputable to Defendant.

B. **Retaliation**

A prima facie retaliation claim under 42 U.S.C. § 1981 has the same elements as one brought under Title VII. Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 281 (4th Cir. 2015). It requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action. Foster v. Univ. of Md.-E. Shore, 787 F.3d 243, 250 (4th Cir. 2015). As for causation, a plaintiff must show that "retaliation was a but-for cause of a challenged adverse employment action." Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 217 (4th Cir. 2016). "Naked allegations of a causal connection between plaintiff's protected activity and the alleged retaliation do not state a plausible Title VII claim. Furthermore, the employee must demonstrate temporal proximity between the alleged retaliation and the protected activity." Henry v. Vaughn Industries, LLC, 450 F.Supp.3d 671, 684 (E.D.N.C. Mar. 31, 2020) (internal quotation and citation omitted).

Here, Plaintiff alleges that she engaged in a protected activity and that that she suffered an adverse employment action. That is, she complained about race discrimination to Defendant's human resources and management and she was terminated. [Doc. 1 at ¶¶ 50-51]. As to causation, however, Plaintiff alleges only that, "[t]he timing of Plaintiff's protected complaint to her termination shows causation." [Id. at ¶ 52]. While timing of the adverse action may be significant, Plaintiff fails to offer even a naked allegation of causal connection between the protected activity and the adverse employment action. Plaintiff, therefore, has not plausibly stated a claim for retaliation under 42 U.S.C. § 1983. The Court, therefore, will dismiss this claim.

Because Plaintiff's other claims are dismissed, the Court has no supplemental jurisdiction

5

over Plaintiff's North Carolina wrongful discharge claim under 28 U.S.C. § 1367(a). The Court will, therefore, dismiss it as well.

As such, the Court finds that Plaintiff's Complaint fails to state a claim on which relief may be granted and, therefore, fails initial review under § 1915(e)(2)(B). The Court will, however, allow Plaintiff 30 days to amend her Complaint to state a claim should the facts allow for such amendment.

## V. CONCLUSION

In sum, Plaintiff's Complaint fails initial review under § 1915(e)(2)(B). The Court will allow Plaintiff 30 days to amend her complaint to address the deficiencies as stated herein, if the facts support such amendment and if Plaintiff so chooses. Should Plaintiff fail to file an amended complaint within 30 days of this Order, Plaintiff's Complaint will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that if Plaintiff fails to amend the complaint within 30 days in accordance with the terms of this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

Signed: May 4, 2022

Robert J. Conrad, Jr.
United States District Judge